UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 06-22199-CIV-COOKE

REINALDO ALVAREZ,

    Petitioner,

v.

ALBERTO GONZALES, *et al.*,

    Respondents.
_____/

**ORDER DENYING IN PART AND GRANTING IN PART RESPONDENTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO REMAND TO USCIS**

**THIS CAUSE** is before the Court upon Respondents' Motion to Dismiss, or in the alternative, Motion to Remand to USCIS (DE 7), filed November 3, 2006. The Court having reviewed the Motion finds, for the reasons set forth below, that the Motion should be denied in part and granted in part.

    **I.**    **BACKGROUND**

On September 1, 2006, Reinaldo Alvarez ("Petitioner" or "Alvarez") filed a Petition for Hearing on Naturalization Application. Petitioner is a native and citizen of Cuba who obtained lawful permanent resident status in the U.S. on April 20, 1995. Petitioner filed an Application for Naturalization on November 29, 2004. On October 28, 2005, Petitioner was interviewed in connection with his Application for Naturalization. On that same day, Petitioner received his naturalization interview results which indicated that he had successfully passed the required English, U.S. history, and government tests. Nevertheless, as of the date of this Order, the

Petitioner's Application for Naturalization has yet to be adjudicated.

   II.   ANALYSIS

   A.   THIS MATTER IS RIPE AS THE EXAMINATION REQUIRED UNDER § 336(B) OF THE INA HAS BEEN COMPLETED

In their Motion, Respondents argue that this Court lacks subject matter jurisdiction because this matter is not ripe and the Court can not fashion meaningful relief.  Specifically, Respondents contend that the required security background checks have yet to be completed and therefore Petitioner's examination is not complete for purposes of § 336(b) of the Immigration and Nationality Act (the "INA").  This argument, however, is unavailing.  Section 336(b) of the INA states:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).  Respondents argue that the term "examination" under § 336(b) encompasses more than just the interview but also includes completion of the required background security checks.  However, contrary to Respondents' argument, the vast majority of courts have concluded that the term "examination" under § 336(b) is limited to the actual naturalization interview.  See e.g. Hussein v. Gonzales, No. 306-497J-32MCR, 2007 WL 328691 (M.D. Fla. Jan. 31, 2007);  Khelifa v. Chertoff, 433 F.Supp.2d 836 (E.D. Mich. 2006); El-Daour v. Chertoff, 417 F.Supp.2d 679 (W.D. Pa. 2005).

Furthermore, Respondents' reliance upon Danilov v. Aguirre, 370 F.Supp.2d 441 (E.D.

Va. 2005) is misplaced. In Danilov, the Eastern District of Virginia held that the term "examination" under § 336(b) of the INA encompassed the entirety of the examination process including the completion of the required security background checks. However, Danilov represents the minority view on this issue. Moreover, many courts have expressly rejected the holding in Danilov. See El-Daour, 417 F.Supp.2d at 681-682. Typically, courts have rejected the Danilov interpretation for three reasons:

> First, § 1447(b)'s language that the 120-day period begins to run 'after the date on which the examination is conducted,' implies that there is a specific date upon which the "examination" occurs. Second, § 1446 distinguishes between examinations and investigations, thus, the plain meaning of the substantive statute is that the examination is separate and apart from the investigation. Third, CIS regulations contemplate a distinction between the examination and the investigation.

Hussein, 2007 WL 328691, at * 2 (citations omitted).

This Court agrees with the majority viewpoint's rational and interpretation of § 336(b). Therefore, the Court finds that the examination under § 336(b) of the INA occurs on the date of the applicant's interview. Thus, the 120-day determination period is triggered on the date of the applicant's interview. In the case at bar, Petitioner's interview occurred on October 28, 2005, hence, approximately 530 days have elapsed since Petitioner's interview. This almost two-year period well exceeds the 120-day time limit required under § 336(b) of the INA. Consequently, this Court has subject matter jurisdiction over Alvarez's Petition. Additionally, § 336(b) of the INA fashions a form of relief as it provides that the Court may either adjudicate the naturalization petition or remand it to the USCIS for determination with appropriate instructions. Therefore, the Court finds that this matter is ripe for adjudication.

### B. THIS MATTER IS REMANDED TO THE USCIS

Now that the Court has concluded that it has subject matter jurisdiction over this action it must fashion an appropriate remedy.  As previously discussed, § 336(b) provides that the Court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter."  8 U.S.C. § 1147(b).  Thus, the INA empowers this Court to adjudicate Petitioner's Application for Naturalization.  This Court, however, lacks the resources necessary to properly adjudicate Petitioner's Application.  Furthermore, it would be entirely inappropriate for this Court to conduct the necessary background security checks to determine Petitioner's fitness for naturalization.  Background security investigations of the type required in the naturalization process are more suited for the province of the Federal Bureau of Investigations ("FBI").  The Court, therefore, shall remand this matter to the USCIS for completion of the required background security checks and prompt determination of Petitioner's Application for Naturalization.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Respondents' Motion to Dismiss, or in the alternative, Motion to Remand to USCIS (DE 7) is **DENIED IN PART AND GRANTED IN PART**.

2. This matter is **REMANDED** to the USCIS for prompt adjudication of Petitioner's Application for Naturalization.

3. If the USCIS has not rendered a decision on Petitioner's Application by June 30, 2008, then Petitioner shall file a notice with the Court setting forth the status of the Application.  Upon receipt of the notice, the Court will consider reopening this matter and adjudicating Petitioner's

>Application in accordance with § 336(b) of the INA.

>4. The Clerk is directed to administratively **CLOSE** this case. All pending motions not otherwise ruled upon are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of April, 2007.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

*Copies furnished to:*

*All Counsel of Record*